1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHELLE HEIDI REX,                          No.  2:20-cv-2429 DB

12                  Plaintiff,

13        v.                                       ORDER

14   KILOLO KIJAKAZI, Acting
     Commissioner of Social Security,[1]
15

16                  Defendant.

17

18          This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2]

20   Plaintiff's motion argues that the Administrative Law Judge erred with respect to the treatment of

21   plaintiff's testimony, the lay witness testimony, and was the result of an unconstitutional

22   administrative process.

23   ////

24   _____

25   [1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social
     Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring
26   to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the
     Commissioner shall, in his official capacity, be the proper defendant").

27   [2] Both parties have previously consented to Magistrate Judge jurisdiction over this action
28   pursuant to 28 U.S.C. § 636(c).  (See ECF No. 11.)

1

1  For the reasons explained below, plaintiff's motion is granted, the decision of the

2  Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for

3  further proceedings.

4  **PROCEDURAL BACKGROUND**

5  In July of 2018 plaintiff filed an application for Disability Insurance Benefits ("DIB")

6  under Title II of the Social Security Act ("the Act"), alleging disability beginning on April 1,

7  2016.  (Transcript ("Tr.") at 20, 286-87.)  Plaintiff's alleged impairments included arthritis in

8  neck and back, sciatica, herniated discs, neuropathy, and high blood pressure.  (Id. at 304.)

9  Plaintiff's application was denied initially, (id. at 220-24), and upon reconsideration.  (Id. at 227-

10  31.)

11  Plaintiff requested an administrative hearing, which was held before an Administrative

12  Law Judge ("ALJ") on March 18, 2020.  (Id. at 154-85.)  Plaintiff was represented by an attorney

13  and testified at the administrative hearing.  (Id. at 154-61.)  In a decision issued on April 10,

14  2020, the ALJ found that plaintiff was not disabled.  (Id. at 29.)   The ALJ entered the following

15  findings:

16
17  1.  The claimant meets the insured status requirements of the Social Security Act through March 31, 2021.

18  2.  The claimant has not engaged in substantial gainful activity since April 1, 2016, the alleged onset date (20 CFR 404.1571 *et
19  seq*.).

20  3.  The claimant has the following severe impairments: cervical degenerative disc disease and recurrent lumbar strain.  (20 CFR
21  404.1520(c)).

22  4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of
23  the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

24  5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform
25  medium work as defined in 20 CFR 404.1567(c) except the claimant is limited to frequent climbing of ramps or stairs and no climbing of
26  ladders, ropes, or scaffolds. She is further limited to frequent balancing, stooping, kneeling, crouching, and crawling.  Finally, the
27  claimant is limited to frequent bilateral handling and fingering.

28  ////

6. The claimant is capable of performing past relevant work as a loan processor, office administrator, and researcher.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2016, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 22-29.)

On October 8, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's April 10, 2020 decision.  (Id. at 1-5.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on December 8, 2020.  (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

////

3

Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following three principal claims: (1) the ALJ improperly rejected plaintiff's testimony; (2) the ALJ improperly rejected lay witness testimony; and (3) the administrative process was unconstitutional.  (Pl.'s MSJ (ECF No. 11) at 10-34.[3])

### I.      Plaintiff's Subjective Testimony

Plaintiff challenges the ALJ's treatment of plaintiff's subjective testimony.  (Pl.'s MSJ (ECF No. 11) at 10-19.)  The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

> may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.

2

3

> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

4

5

6   Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

7   omitted).  "The clear and convincing standard is the most demanding required in Social Security

8   cases."  Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002).  "At

9   the same time, the ALJ is not required to believe every allegation of disabling pain, or else

10   disability benefits would be available for the asking[.]"  Molina v. Astrue, 674 F.3d 1104, 1112

11   (9th Cir. 2012).

12        "The ALJ must specifically identify what testimony is credible and what testimony

13   undermines the claimant's complaints."[4]  Valentine v. Commissioner Social Sec. Admin., 574

14   F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595,

15   599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other

16   things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's]

17   testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work

18   record, and testimony from physicians and third parties concerning the nature, severity, and effect

19   of the symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59

20   (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792

21   (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the

22   record, the court "may not engage in second-guessing."  Id.

23   ////

24

---

25   [4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect.  "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness."  Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

26

27

28

Here, the ALJ recounted plaintiff's testimony as follows:

> The claimant has alleged limitations from high blood pressure, syncope, pinched ulnar in neck, neuropathy in the upper extremities, herniated discs in the lower back, sciatica, and arthritis in the neck and back.  At the hearing, the claimant testified that she was unable to work due to back pain.  She indicated that she had a hard time finding work that she thought that she could perform because she had a hard time sitting and standing.  She noted that she began to have a hard time doing her gourd artwork, particularly the fine manipulative work and difficulties with looking down due to neck pain.  She noted that using her hands for fifteen to twenty minutes makes her hands cramp.  She stated that she has difficulties with her last two fingers on her hands bilaterally.  The claimant testified that she has lost strength in her arms and hands as well, and she struggles with her handwriting as well.  She stated that she cannot stand for more than thirty minutes and she cannot bend.  She reported experiencing headaches and dizziness as well.

(Tr. at 23) (citations omitted).

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reason explained" in the decision.[5] (Id.)

The ALJ then proceeded to explain that plaintiff's testimony was rejected because "while there is some evidence to support her allegations, the medical evidence of record does not establish the severity of the symptoms reported by the claimant."  (Id.)  The ALJ proceeded to discuss the medical evidence of record, including imagining studies that the ALJ acknowledged "clearly stablishes the etiology of the claimant's complaints[.]"  (Id. at 25-26.)

---

[5] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why."  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014).  "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC.  By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do."  Trevizo, 871 F.3d at 679 n.6.

"[A]fter a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms.  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Perez v. Astrue, 247 Fed. Appx. 931, 936 (9th Cir. 2007) ("That the degree of Perez's subjective complaints were not corroborated by the objective clinical findings in the ALJ's view was of no legal moment because pain is inherently an individual phenomenon."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

The ALJ also attempted to support the rejection of plaintiff's testimony by relying on plaintiff's activities of daily living such as "self-care," "drive a car," "go shopping" and "do some household chores."  (Tr. at 26.)  However,

> [t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons ... and is not held to a minimum standard of performance, as she would be by an employer.  The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012).  The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.  One does not need to be utterly incapacitated in order to be disabled."  Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001); see also Garrison, 759 F.3d at 1016 (citation omitted) ("[I]mpairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

Accordingly, the ALJ failed to provide a clear and convincing reason for rejecting plaintiff's testimony.  Plaintiff, therefore, is entitled to summary judgment on this claim.

1    **II.      Lay Witness Testimony**

2            Plaintiff also argues that the ALJ improperly rejected lay witness testimony.  (Pl.'s MSJ

3    (ECF No. 11) at 20.)  The testimony of lay witnesses, including family members and friends,

4    reflecting their own observations of how the claimant's impairments affect her activities must be

5    considered and discussed by the ALJ.  <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir.

6    2006); <u>Smolen</u>, 80 F.3d at 1288.  Persons who see the claimant on a daily basis are competent to

7    testify as to their observations.  <u>Regennitter</u>, 166 F.3d at 1298; <u>Dodrill v. Shalala</u>, 12 F.3d 915,

8    918-19 (9th Cir. 1993).  If the ALJ chooses to reject or discount the testimony of a lay witness, he

9    or she must give reasons germane to each particular witness in doing so.  <u>Regennitter</u>, 166 F.3d at

10   1298; <u>Dodrill</u>, 12 F.3d at 919.

11           Here, as defendant concedes, the ALJ failed to acknowledge let alone discuss, the lay

12   witness statement submitted by plaintiff's daughter. (Def.'s Mot. (ECF No. 12) at 15.)  That

13   failure constitutes error.  <u>See Schneider v. Commissioner of Social Sec. Admin.</u>, 223 F.3d 968,

14   975 (9th Cir. 2000) ("both the ALJ and the district court erred when they failed to consider the

15   letters from Ms. Schneider's friends and ex-employers").

16           Defendant argues that error was harmless.  (Def.'s Mot. (ECF No. 12) at 14.)  It is true

17   that "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same

18   evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay

19   witness's] claims.'"  <u>Molina v. Astrue</u>, 674 F.3d 1104, 1122 (9th Cir. 2012) (quoting <u>Buckner v.</u>

20   <u>Astrue</u>, 646 F.3d 549, 560 (8th Cir. 2011)).  Here, however, the ALJ erroneously discredited

21   plaintiff's claims and, therefore, cannot rely on that same erroneous reasoning to reject the lay

22   witness testimony.

23           Moreover, the lay witness statement fully supports plaintiff's alleged disability.  (Tr. at

24   338-45.)  "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony

25   favorable to the claimant, a reviewing court cannot consider the error harmless unless it can

26   confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have

27   reached a different disability determination.  <u>See Stout v. Commissioner, Social Sec. Admin.</u>, 454

28   F.3d 1050, 105-56 (9th Cir. 2006)

Accordingly, plaintiff is also entitled to summary judgment on the claim that the ALJ's treatment of the lay witness testimony constituted error.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[6] Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

////

---

[6] Having already identified errors requiring remand, given plaintiff's request for remand for further proceedings, and upon review of the record the Court finds it unnecessary to reach plaintiff's final remaining claim of error.  See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

1      Here, plaintiff argues that this matter should be remanded for further proceedings to

2  correct "legal errors" and the Court agrees.  (Pl.'s MSJ (ECF No. 11) at 35.)

3      Accordingly, IT IS HEREBY ORDERED that:

4      1.  Plaintiff's motion for summary judgment (ECF No. 11) is granted;

5      2.  Defendant's cross-motion for summary judgment (ECF No. 12) is denied;

6      3.  The Commissioner's decision is reversed;

7      4.  This matter is remanded for further proceedings consistent with the order; and

8      5.  The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated:  March 18, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\rex2429.ord